UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO POWELL, Plaintiff, v. E BANALES, et al., Defendants. | Case No. 19-cv-06753-JST<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, the complaint will be DISMISSED with prejudice.

# DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendants CTF Lt. Banales and CTF Sgt. Jones. ECF No. 1 at 2. Plaintiff was issued a rules violation report ("RVR") for use of a controlled substance based solely on a positive urinalysis taken on June 6, 2016. Plaintiff was found guilty of this RVR, but the RVR was reversed and reissued multiple times due to due process violations. ECF No. 1 at 3-4. Plaintiff's claims arise out of the January 31, 2017 hearing related to these RVRs.

In his first claim, plaintiff alleges that Defendant Banales failed to provide him with copies of the two lab tests performed on the urinalysis sample and with copies of Officer Gamboa's on the job training documents (CDCR Form 844) related to urinalysis collection prior to the January 31, 2017 RVR hearing. Plaintiff argues that this failure violated administrative regulations, specifically 15 Cal. Code Regs. § 3320(c)[1] and Section 54100.20.3 of the California Department of Corrections and Rehabilitations ("CDCR") Department Operations Manual ("DOM");[2] and that

---

[1] 15 Cal. Code Regs. § 3320(c) provides that a disciplinary hearing "shall not be held until the inmate has been provided [a] classified copy of the RVR and all non-confidential reports containing information relative to the charge, including the investigative employee's report." 15 Cal. Code Regs. § 3320(c).

[2] Section 54100.20.3 of the CDCR DOM provides that the original disposition of the RVR "shall be vacated and a new hearing ordered if the reviewer determines that . . .[t]he accused was not given copies of required documents within specified time limits before the hearing and did not

2

because administrative regulations have the force of law and are binding on the issuing agency, this failure violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. ECF No. 1 at 3-8.

Plaintiff has failed to state a cognizable due process claim against Defendant Banales. Not every violation of a state prison regulation rises to the level of a constitutional violation. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted); *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms; rejecting notion that violation of state prison regulations provides basis for procedural due process claim because it "creates disincentives for States to codify prison management procedures"); *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (explaining that "[p]rocess is not an end in itself" and holding that a State's creation of administrative procedures "does not create an independent substantive right" under the Due Process Clause); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922, 927-31 (9th Cir. 2016) (prison's failure to follow its own guidelines regarding hearings does not alone constitute denial of due process); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). Only if the events complained of rise to the level of a federal statutory or constitutional violation do they give rise to a claim under section 1983. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The Court is not aware of any authority supporting the existence of a constitutional right under the Due Process Clause to the copies of documents relevant to an RVR or to a rehearing of the charges if an inmate is not provided with those copies.³ This claim is therefore dismissed with prejudice because amendment

---

waive the time limits . . ." CDCR DOM § 54100.20.3, available at https://www.cdcr.ca.gov/regulations/adult-operations/dom-toc/ (last visited on Oct. 26, 2019).

³ The Due Process Clause provides the following procedural requirements with respect to prison disciplinary hearings: (1) written notice of the charges, (2) at least 24 hours to prepare for the hearing; (3) a written statement by the factfinders as to the evidence relied on and reasons for the

3

would be futile. *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

In his second claim, plaintiff alleges that Defendant Banales knowingly solicited false information from Defendant Jones regarding Officer Gamboa's certification for urinalysis; that this information was the basis for the RVR guilty finding; and that defendants' actions violated 15 Cal. Code Regs. §§ 3084(g),[4] 3391(a).[5] As discussed above, violations of state regulations do not rise to the level of a constitutional violation. Accordingly, this claim is also dismissed with prejudice because amendment would be futile.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with prejudice. The Clerk of the Court shall enter judgment in favor of defendants and against plaintiff.

**IT IS SO ORDERED.**

Dated: October 30, 2019

_____
JON S. TIGAR
United States District Judge

---

disciplinary action; (4) the ability to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; (5) where an inmate is illiterate or the issues are complex, the ability to seek the aid of a fellow inmate or adequate substitute aid; (6) some evidence in the record to support the disciplinary finding; and (7) some indicia of reliability of the information that forms the basis for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564, 566, 570 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (some evidence); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987) (indicia of reliability).

[4] 15 Cal. Code Regs. § 3084(g) defines staff misconduct as "staff behavior that violates or is contrary to law, regulation, policy, procedure, or an ethical or professional standard." 15 Cal. Code Regs. § 3084.

[5] 15 Cal. Code Regs. § 3391(a) provides that CDCR employees shall avoid irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, whether they are on or off duty. 15 Cal. Code Regs. § 3391(a).

4